IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CIOFFI GAMBLE | § | |
| v. | § | CIVIL ACTION NO. 6:12cv889 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## ORDER OF DISMISSAL

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has filed written objections asserting that the decision must be remanded because the ALJ erred in finding that her medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree she alleges and the credibility finding was not supported by substantial evidence.

In her objections, Plaintiff argues that the ALJ is required to give specific reasons for a credibility determination, and that under SSR 96-7p, the finding must be based on consideration of the entire case as well as seven listed factors. Plaintiff states that the ALJ did not even list these factors in his decision, contrary to requirements that the decision must be sufficiently specific to make clear that regulatory factors were considered.

The Fifth Circuit has held that error in failing to articulate specific reasons for discounting a claimant's credibility is harmless where the ALJ discusses the claimant's allegations and substantial record evidence supports the credibility determination. *Haywood v. Sullivan*, 888 F.2d 1463, 1469-70 (5th Cir. 1989); *see also Salgado v. Astrue*, 271 Fed.Appx. 456, 2008 WL 828945 (5th Cir., March 28, 2008). As the Magistrate Judge observed, the ALJ discussed Plaintiff's allegations and substantial evidence supported the ALJ's assessment of credibility and the RFC determination.

1

Any error in how the ALJ made the credibility finding was harmless. *See Herron v. Halter*, 250 F.3d 744, 2001 WL 274760 (5th Cir., February 23, 2001). Plaintiff's first objection is without merit.

Second, Plaintiff argues that her Global Assessment of Functioning score reflects "moderate impairments." She cites *Allsbury v. Barnhart, Commissioner of Social Security Administration*, 460 F.Supp.2d 717, 727 (E.D.Tex. 2006) as stating that "a moderate mental impairment is deemed 'severe,' therefore limits [sic] one's physical or mental ability to do basic work activities." Thus, Plaintiff argues that an ALJ cannot find that a claimant's moderate mental impairments do not significantly affect the claimant's RFC. She adds that the medical evidence supports her claim that she has trouble focusing, anxiety, and nervousness, and that if she went back to work, her depression and anxiety would affect her ability to work every day, five days a week.

In *Allsbury*, the question before the district court was whether the ALJ could rely solely on the grids of the Medical-Vocational Guidelines, rather than consulting expert vocational testimony, to determine that there were jobs in the national economy which the claimant could perform. Because the claimant had non-exertional impairments, the only way such a finding could be made was if these non-exertional impairments did not significantly affect the claimant's residual functional capacity. The district court held that such a finding was impossible in that case, both because the ALJ had already found that the non-exertional limitations were "severe" and because moderate mental impairments are deemed "severe" and thus necessarily affect the claimant's residual functional capacity. *Id.*, 460 F.Supp.2d at 727.

The present case does not involve application of the Medical-Vocational Guideline grids and thus is distinguishable. Even were the holding in *Allsbury* applied to the present case, it would not benefit Plaintiff; she argues that the ALJ cannot find that moderate mental impairments do not significantly affect her RFC, but the ALJ made no such finding in this case. Rather, the ALJ specifically found that Plaintiff's non-exertional impairments of depression and anxiety disorder were severe impairments and affected her residual functional capacity in that they imposed

limitations of light work limited to non-complex tasks with no more than brief incidental contact with the public. This objection is without merit.

Third, Plaintiff argues that medical records from the Andrews Center support her claim of disability and that the ALJ did not mention testimony from Dr. Smith that Plaintiff's anxiety affects her ability to respond to situational demands. At the hearing, Dr. Smith testified that Plaintiff "gets anxious and this kind of affects her ability to respond to the demands of a situation." As a general rule, the ALJ is not required to discuss all of the evidence submitted, and the failure to cite specific evidence does not indicate that it was not considered. *Valdez v. Astrue*, 2008 WL 501283 (W.D. Tex. Feb. 21, 2008), *citing Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). An RFC decision can be supported by substantial evidence even if the ALJ does not specifically discuss all the evidence that supports her decision or all the evidence that she rejected. *Holmes v. Astrue*, 2013 WL 638830 (N.D. Tex. Jan. 25, 2013, *Report adopted at* 2013 WL 646510 (N.D. Tex. Feb. 20, 2013)), citing *Falco*, 27 F.3d 160 at 164. In this case, Plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence or that proper legal standards were not used in evaluating the evidence, and a review of the record confirms that substantial evidence supported the decision.

In February of 2011, a non-examining state medical consultant, Dr. White, determined that the medical evidence of record did not reflect a degree of medical or emotional signs or symptoms such that work-related abilities or activities would be significantly compromised. Among the areas in which Dr. White stated that Plaintiff was not significantly limited were the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. In April of 2011, Plaintiff was doing "pretty well, with a little anxiety," and in June of 2011, her mood was "slightly up and down." Dr. Smith's testimony that Plaintiff's anxiety "kind of affects her ability to respond to the demands of a situation" does not show that Plaintiff is disabled within the meaning of the Social Security Act when viewed in light of all of the evidence. The ALJ properly accounted for Plaintiff's limitations in his determination of her residual functional capacity.

The Magistrate Judge correctly concluded that substantial evidence supported the ALJ's decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence). While the ALJ's decision may not have been a hallmark of procedural perfection, the Fifth Circuit has explained that procedural improprieties form a basis for remand only where these improprieties call into doubt the existence of substantial evidence to support the decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Plaintiff has not shown that the ALJ's findings were not based on substantial evidence or that she suffered prejudice as a result of any procedural error. *See Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). Her objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 25th day of June, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE